MERRITT, Circuit Judge,
dissenting.
The sentence in this case is about 4 years above the Guidelines sentence and 1 year above the mandatory, minimum, 10-year sentence. I find the upward departure unreasonable. The district court seemed strongly influenced by and imposed the departure after objecting to the state court’s action in setting aside the two previous minor state convictions — likening the process to “a Las Vegas marriage to be annulled when they become burdensome.” The district court then improperly found facts based on the state police investigative reports leading to the state convictions. This reliance appears to be directly in violation of both Shepard v. United States, 544 U.S. 13, 22, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (which imposed a “bar on review of documents like police reports and complaint applications [which] would often make ACCA sentencing enhancement hinge on ... the vagaries of state prosecutors’ charging practices”), and Cunningham v. California, 549 U.S. 270, 274, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007) (barring judicial fact finding outside the jury verdict or guilty plea). I would, therefore, set aside the upward departure.